UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN PEREZ,<br><br>  Plaintiff,<br><br>  v.<br><br>MONSTER INC., et al.,<br><br>  Defendants. | Case No.  15-cv-03885-EMC  (DMR)<br><br>**ORDER RE: TIMELINE FOR MONSTER'S PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. Nos. 74, 77 |

This matter is suitable for determination without oral argument.  Civil L.R. 7-1(b).

The parties filed a joint discovery letter on June 15, 2016, in which Plaintiff Benjamin Perez sought to compel Defendant Monster Inc. ("Monster") to commit to a date certain for completion of production of documents responsive to Plaintiff's first set of requests for production of documents, which was served on December 1, 2015.  [Docket Nos. 74, 77.]

In its June 16, 2016 order, the court reminded the parties that under Federal Rule of Civil Procedure 34, a party to whom a request is directed must state when documents will be produced. Fed. R. Civ. P. 34(b)(2)(B).  [Docket No. 75.]  The court ordered the parties to meet and confer regarding a reasonable schedule for Monster's production of documents and to file a proposed joint schedule with the court by June 23, 2016.  *Id.*

On June 23, 2016, instead of filing a proposed joint schedule, the parties filed a letter stating that they agreed that Monster would begin production on June 29, 2016, but were unable to agree on a completion date.  [Docket No. 77 at 1.]  Plaintiff proposed a completion date of July 31, 2016, seven months after the requests for production were first served and roughly three months before the October 28, 2016 deadline for non-expert pre-certification discovery set by the Honorable Edward M. Chen, the presiding judge in this matter.  *Id.* at 2.  Defendants proposed a completion date of September 28, 2016, but this appeared to be based on a three month extension

1  to Judge Chen's deadline. *Id.*; Feb. 18, 2016 Case Management and Pretrial Order [Docket No.
2  41] at 1.  The parties do not have a pending request before Judge Chen to extend any deadlines,
3  and must proceed to complete discovery in compliance with the operative case management
4  schedule.

5        In the parties' June 15, 2016 letter, Defendants stated that they were not able to commit to
6  a production deadline because they did not know the volume of Monster's responsive documents.
7  Defendants also raised concerns about sensitive information, but the court notes that the parties
8  stipulated to a protective order, which the court entered on June 6, 2016.  [Docket No. 70.]  In the
9  June 23, 2016 letter, Defendants does not provide any additional information about the volume of
10 Monster's responsive documents, steps that Monster has taken to collect and produce responsive
11 documents, or any other information to assist the court in determining whether Monster's
12 proposed completion date is reasonable.  [Docket No. 77 at 2.]

13       The court notes that Defendant Best Buy[1] has agreed to a July 31, 2016 deadline for
14 completion of documents, apparently in response to the same requests for production.  *See*
15 Plaintiff's First Request for Production of Documents Directed to Defendants Monster and Best
16 Buy [Docket No. 76 at 3-6]; Defendants' Responses and Objections on behalf of Monster and Best
17 Buy [Docket No. 76 at 8-16].

18       Based on the information provided by the parties, and in light of the October 28, 2016 pre-
19 certification fact discovery deadline, the court sets an August 26, 2016 deadline for Monster's
20 completion of production of the documents at issue in this dispute.  Monster has already agreed to
21 begin producing documents on June 29, 2016.  It should continue to produce the documents on a
22 rolling basis as they become available.

23       **IT IS SO ORDERED.**

24 Dated: July 1, 2016

                                                               Donna M. Ryu
                                                           United States Magistrate Judge

---

[1] The parties refer to Defendants Best Buy Stores, LP and Bestbuy.com LLC collectively as "Best Buy."  The court does the same here.